**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY J. GOEDE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 1:09-CV-01777-SMS<br><br>ORDER DENYING DEFENDANT'S MOTION AND REMANDING UNDER SENTENCE SIX FOR APPEALS COUNCIL TO CONSIDER NEW EVIDENCE<br><br>(Doc. 43) |

　　　Plaintiff was found not disabled by the ALJ. She submitted exceptions and new evidence. In May 2012, the Appeals Council denied review without considering this new evidence.

　　　Plaintiff identified this error, first in a motion to add the missing evidence to the transcript (which the Commissioner opposed) and later in her opening brief. The Commissioner eventually acknowledged that, due to a clerical error, the Appeals Council never saw the new evidence. In March 2013, the Appeals Council issued a new notice which purported to vacate its prior denial, review the evidence, and reaffirm that the ALJ's decision was the Commissioner's final decision.

　　　Before the Court is the Commissioner's request to incorporate this second notice into the record. The Court denies this request, as the Commissioner lacked jurisdiction to initiate the review in the first place. Because the Commissioner has not yet filed an answer and has shown good cause, the Court orders a "sentence six" remand, restoring jurisdiction to the Appeals Council so that it can perform a proper review.

**DISCUSSION**

There is no question that, prior to issuing its March 2013 notice, Defendant was in error. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228 (9th Cir. 2011). In *Taylor*, the claimant submitted a new medical opinion to the Appeals Council. This new evidence was lost "[s]omewhere in the shuffle." *Id*. at 1233. The Ninth Circuit held that the failure to consider it was error. *Id*. Indeed, by acknowledging that the Appeals Council should have reviewed the evidence, the Commissioner has conceded error. *See Goodwin v. Astrue*, 549 F. Supp. 2d 1125, 1129 (D. Neb. 2008).

Nor was this error harmless. An error is harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). In *Corcoran v. Barnhart*, the court found harmless error where the Appeals Council did not review the curriculum vitae of an expert whose qualifications were not in question. 2006 WL 1273743 (D. Conn. Jan. 4, 2006). By contrast, here (as in *Taylor*) the "missing evidence" was new, material, and relevant to the time frame considered by the ALJ. As a result, the Appeals Council was at least required to consider whether it undermined the ALJ's decision. *See* 20 C.F.R. § 404.970.

Defendant argues that the March 2013 Appeals Council review remedied this error. It did not. Although the agency reserves the right to reopen a decision which is "otherwise final and binding" at any time for certain reasons, 20 C.F.R. §§ 404.987-88, it loses jurisdiction to do so once a claimant appeals, no matter what its regulations say. "[W]hen a suit is filed under § 405(g), the agency may not divest the federal courts of jurisdiction by unilaterally reopening its administrative proceedings." *Doctors Nursing & Rehab. Ctr. v. Sebelius*, 613 F.3d 672, 676-77 (7th Cir. 2010). *Cf. Jackson v. Nicholson*, 449 F.3d 1204, 1208 (Fed. Cir. 2006) (same result under Veterans statute, despite statute allowing reopening where "new and material evidence is presented or secured"); *Cerullo v. Derwinski*, 1 Vet. App. 195, 196-99 (1991) (same result, despite statute allowing reopening where "Chairman orders reconsideration"). The reason is simple: otherwise, "a litigant could temporarily deprive the court of jurisdiction at any and every critical juncture." *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981).

Defendant suggests that this case is an exception. In general, when the Appeals Council reviews a case, it can modify, reverse, or rewrite the ALJ's decision. Here, however, Defendant

emphasizes that the result of the March 2013 review was to "decline jurisdiction" over the Commissioner's final decision entirely. She argues that this outcome was fortuitous, because it means that the Appeals Council's second review hardly encroached upon the jurisdiction of this Court. However, if these other outcomes were foreclosed by lack of jurisdiction, then the agency is defending the result of a review that could have only led to one result.  The Court cannot accept the result of such a "review."  While the Appeals Council's outcome seems innocuous, it was not permitted to reach it because the review itself was invalid *ab initio*.

Besides, even the March 2013 review, harmless though it may appear, had an impact on the final decision before this Court. The Court is not just reviewing the new evidence. It is also reviewing the process by which the Appeals Council declined to review that evidence. *See Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992) (although Court may not review Appeals Council's decision to deny review, it may review whether refusal to consider new evidence complied with procedural requirements). Because the new evidence is "evidence upon which the findings and decision complained of are based," the Court is also reviewing the denial of review "as a practical matter." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012). *Id.* This makes sense: It would be strange to say that the second Appeals Council notice remedied an error in the final decision but had no effect on that decision.

In light of this error, the Court must choose among the forms of relief that are available under 42 U.S.C. § 405(g). *Melkonyan v. Sullivan,* 501 U.S. 89, 99 (1991). Under sentence four of that section, the Court may "enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Plaintiff believes that the Court must order a new hearing, as in *Taylor*. However, nothing in *Taylor* mandated that result. As in *Goodwin*, sentence four also permits a remand to the Appeals Council to "determine the import" of Plaintiff's new evidence and "reconsider whether the ALJ was correct," without deciding the need for a new hearing ahead of time.

In addition, there are two additional types of remands provided for under sentence six. One type is allowed where new and material evidence is adduced that was for good cause not presented

during the administrative proceedings. Evidence is "new" in this sense where "the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990). Plaintiff's new evidence is not new in this sense.

The second type of sentence six remand is available at the Commissioner's request where she shows good cause before answering the complaint. This case meets these requirements. Here, the Commissioner has not yet filed an answer, unlike in other "missing evidence" cases such as *Taylor*, *Goodwin*, and *Boyd v. Astrue*, 2009 WL 856699 (E.D. Ark. Mar. 30, 2009). She has asked the Court to allow the Appeals Council to conduct a new review. And she has shown good cause. This is not a case in which the Appeals Council considered Plaintiff's evidence and chose to disregard it. Rather, a clerical error prevented it from seeing all the evidence in the first place. This inadvertent error prevented the Appeals Council from properly reviewing Plaintiff's complaints, and prevents this Court from reviewing that evidence. The Appeals Council has attempted to review this evidence, but cannot legally do so until this Court gives it jurisdiction. Compared to Plaintiff's desired remedy—remanding for a new hearing—the fair yet economical solution is to give the Commissioner the jurisdiction it needs to conduct the review it should have done in the first instance.

## **CONCLUSION**

For the foregoing reasons, the Commissioner's Motion for an Extension of Time (Doc. 43) is DENIED. This action is remanded to the Appeals Council pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of the timely submitted additional evidence.

IT IS SO ORDERED.

Dated:   **April 21, 2013**            **/s/ Sandra M. Snyder**
                                      UNITED STATES MAGISTRATE JUDGE